UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA MARIA PUERTA

                              Plaintiff,

-against-

DARREN DAVY and ASMAA DAVY.

                             Defendants.

Civ. No.: 16-CV-07083
(RA) (GWG)

**SETTLEMENT AGREEMENT AND RELEASE**

       WHEREAS, Angela Maria Puerta (referred to hereinafter as "Plaintiff"), and Darren Davy and Asmaa Davy ("Defendants") desire to resolve, settle and agree to dismiss with prejudice all claims and all issues under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and any other wage-related claims, raised in or by (or which could have been raised in) the Complaint in the above-captioned action (the "Lawsuit"), without further litigation or adjudication;

       WHEREAS, the Plaintiff and Defendants, without any concession or admission of unlawful conduct, liability, fault or wrongdoing, now desire to avoid further litigation and, by this Agreement, intend to resolve Plaintiff's claims under the Fair Labor Standards Act and the New York Labor Law raised in the Lawsuit, and any and all claims which Plaintiff asserted, including wage-related claims arising under federal or state statutory or common law, including claims of retaliation;

       WHEREAS, Plaintiff and Defendants understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in Plaintiff's pleadings in the Lawsuit, or otherwise relating to the lawsuit captioned above, and in any other proceeding commenced by, in behalf of or involving Plaintiff and in any other document or statement whatsoever;

       WHEREAS, a bona fide dispute exists as to Plaintiff's claims for unpaid wages;

       WHEREAS, Plaintiff and Defendants understand and agree that neither the making of this Settlement Agreement and Release (hereinafter "Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Defendants' policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

       WHEREAS, the Lawsuit between Plaintiff and Defendants, shall be dismissed in its entirety and with prejudice by the Court pursuant to the Stipulation and Order of Final Dismissal with Prejudice to be executed by counsel for Plaintiff and Defendants, as set forth below.

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

1. **Definition of Parties.**

　　(a)　"Plaintiff" shall be defined to include, but is not limited to, Angela Maria Puerta and all presently or formerly affiliated persons or entities, including, but not limited to, Ms. Puerta's present or former spouse(s), dependents, heirs, assigns, lien holders, fiduciaries, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities. If an obligation or right is that of Ms. Puerta personally, she will be referred to as "Ms. Puerta".

　　(b)　"Defendants" shall be defined to include Darren Davy, Asmaa Davy and all presently or formerly related persons or entities including, but not limited to, any present or former parent corporations, subsidiaries, affiliates, investors, divisions, employee benefit plans, purchasers of assets or stocks, board members, insurers, joint ventures, partners, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, directors, agents, fiduciaries, representatives, the employees and representatives of any such entity. If an obligation or right is that of Darren Davy and Asmaa Davy collectively, they will be referred to as "Davys".

2. **Plaintiff's Commitments.**

　　In exchange for the promises set forth in paragraph "4" below, Plaintiff agrees as follows:

　　(a)　Plaintiff will execute all documents, including, but not limited to, the Stipulation and Order of Final Dismissal with Prejudice ("Stipulation") annexed hereto, that may be needed to settle, waive, dismiss and withdraw, with prejudice, any and all known or unknown FLSA and/or NYLL related complaints, suits, actions, charges, claims or proceedings by Plaintiff against Defendants existing or which could exist as of the date of the execution of this Agreement.

　　(b)　An order of final dismissal with prejudice shall be entered upon presentation of said Stipulation by Defendants to any court of competent jurisdiction, administrative agency or other forum where any claim is made or any relief or recovery is sought by, relating to or on behalf of Plaintiff or Defendants.

　　(c)　Plaintiff and Defendants agree that this Agreement may be introduced in any proceeding solely to enforce its terms, to establish conclusively the settlement and release of the matters described herein, to establish a breach of this Agreement, or to establish the withdrawal and dismissal of the Lawsuit or agency or arbitral proceedings.

　　(d)　Defendants agree to execute any and all documents necessary to effectuate the terms of this Agreement.

　　(e)　Except to enforce the terms of this Agreement or as otherwise provided herein, Plaintiff shall not institute, be represented in, participate in or cause to be submitted or filed on Plaintiff's behalf any claim whatsoever, whether in an individual, class or other action, before any

administrative agency, court, or other forum or accept any relief or recovery from or against Defendants; and,

(f) Plaintiff will not accept any award or settlement from any source or proceeding brought by any other person or by any government agency with respect to any FLSA or NYLL claim or right waived in this Agreement (and all monies paid hereunder will be set off against any relief or recovery from Defendants not barred by this Agreement).

3. **Release by the Plaintiff.**

(a) Provided that this Agreement is approved by the Court, in consideration of the promises made by Defendants in this Agreement, Plaintiff releases and forever discharges Defendants from all claims raised or which could have been raised in the Lawsuit arising under the Fair Labor Standards Act and the New York Labor Law. Plaintiff agrees that she is releasing and waiving all claims she could assert against Defendants under the Fair Labor Standards Act and New York Labor Law, and any and all claims which Plaintiff asserted or could assert against Defendants relating to wages arising under federal or state statutory or common law, including claims of retaliation.

(b) Provided that this Agreement is approved the Court Plaintiff understands and agrees that she may not reinstate the claims that she has brought in the Lawsuit or use this Agreement as evidence in, or the subject matter of, any future lawsuit or proceeding against Defendants except in an action instituted by either party alleging a breach of this Agreement. Plaintiff further acknowledges and agrees that the Waiver and Release is an essential and material term of this Agreement and that no settlement could have been reached by the Parties without this term. Plaintiff further warrants and represents that Plaintiff's counsel has advised her regarding the release in this Section.

(c) In the event any class or collective action brought against Defendants with regard to the released claims includes or may include Plaintiff, the Release given by Plaintiff herein shall operate as Plaintiff's waiver of all rights to be a class member or to recover any damages.

4. **Consideration.**

(a) In exchange for the promises made herein by Plaintiff, including the release of all claims relating to the Lawsuit that Plaintiff has or may have against Defendants, Davys agree to pay to Ms. Puerta the gross sum of Twenty Five Thousand Dollars and No Cents ($25,000) (the "Payment"), as set forth below:

    (i) The sum of Seven Thousand Dollars and Zero Cents ($7,000) as and for purported lost wages and benefits, payable to the order of Angela Maria Puerta from which estimated deductions will be made for taxes and other withholdings, and for which a W-4 tax form will be issued to Ms. Puerta;

    (ii) The sum of Twelve Thousand Dollars and Zero Cents ($12,000), payable to the order of Angela Maria Puerta, for which a 1099 tax form will be issued to Ms. Puerta

       (iii)    The sum of Six Thousand Dollars and Zero Cents ($6,000), payable to the order of "Rapaport Law Firm, PLLC" to be allocated toward costs and expenses (totaling $1,111.20) and attorneys' fees ($4,888.80)

    (b)    The Payments set forth above in Paragraphs 4(a)(i)-(iii) will be forwarded to Rapaport Law Firm within ten (10) days of receipt by Defendants' counsel of the executed Agreement and Stipulation, and the Court's approval of the proposed settlement and dismissal of the action with prejudice, whichever is later.

    (c)    The Payment represents a complete settlement, release and waiver of all claims under the Fair Labor Standards Act and New York Labor Law for alleged lost wages; attorney's fees; costs; and, any other relief of any kind that were raised or could have been raised in the Lawsuit with respect to wage related claims.

    (d)    The Parties agree that should any federal, state or local taxes be determined to be owing by any party on the payment of the sums received by Plaintiff under this paragraph, each party shall be solely and completely responsible for his, her or their taxes, interest or penalties. The Settlement Payment made pursuant to this Agreement cannot be construed as an admission of liability regardless of the method of payment. Ms. Puerta understands and agrees no representation is made by or on behalf of Defendants regarding tax obligations or consequences that may arise from this Agreement.

    (e)    Plaintiff agrees to indemnify Defendants and to hold Defendants harmless for her share of taxes, penalties and interest, withholding or otherwise, as a consequence of the monies paid to Plaintiff pursuant to this Agreement.

**5.**    **Status of Settlement if Court Does not Approve this Agreement**.

In the event that the Court does not approve this Agreement, as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the parties shall be returned to their respective statuses as of the date immediately prior the execution date of this Agreement, and the parties shall proceed in all respects as though the Agreement had not been executed.

**6.**    **No Other Entitlement.**

    (a)    Ms. Puerta affirms that she has been paid and has received all compensation, wages, bonuses, commissions, benefits and other monies to which she was entitled under the Fair Labor Standards Act and New York Labor Law and that no other compensation, wages, bonuses, commissions, benefits or other monies are due with regard to Plaintiff's claims under the Fair Labor Standards Act and New York Labor Law, except as set forth in Paragraph 4 of this Agreement.

    (b)    Ms. Puerta acknowledges that because of circumstances unique to her including, but not limited to, irreconcilable differences with Defendants, she does not wish to hold any position with the Davys now or in the future and, shall not apply for employment with the Davys.

(c)     Nothing in this Agreement prohibits or prevents Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made concerning wage claims included in the Release, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

## 7.  Non-Admission of Wrongdoing.

Plaintiff and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants. Similarly, this Agreement shall not be considered an admission by Ms. Puerta that her claims lack merit.

## 8.  Severability and Modification.

(a)     If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency or other entity, Ms. Puerta and the Davys both agree that said court, administrative agency or other entity has the full discretion to interpret or modify all such provisions to be enforceable and is directed to do so. To aid in that process, if any such provision is determined to be invalid, illegal or unenforceable, but could be made valid, legal or enforceable by modification thereof, then the party for whose benefit the provision exists, may make such modification as necessary to make the provision valid, legal, enforceable and consistent with the intent stated in this Agreement and the other party shall sign an agreement or stipulation to adopt that modification.

(b)     If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect.

## 9.  Resolution of Disputes.

Any controversy or claims relating to this Agreement shall be resolved in a proceeding held in and before the United States District Court for the Southern District of New York.

## 10.  Section Headings.

Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

## 11.  Entire Agreement.

(a)     This Agreement (which incorporates as contractual covenants the representations and clauses in the introductory "Whereas" clauses), along with the Negotiated Confidential Settlement Agreement between Plaintiff and Defendants addressing Plaintiff's non-wage based claims in the Lawsuit, represents the complete understanding between Ms. Puerta and Defendants

and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions, to effect a full general and unlimited release of all actual or potential claims, whether known or unknown, that Plaintiff may have against Defendants.

(b) No other promises or agreements shall be binding or shall modify this Agreement.

(c) Ms. Puerta acknowledges that she has not relied on any representation, promise, or agreement of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

## 12. Competence to Waive Claims.

Plaintiff is competent to affect a knowing and voluntary release of claims under the Fair Labor Standards Act and New York Labor Law, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired such that she lacks a clear and complete understanding of this Agreement. Ms. Puerta is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Defendants from any claims by or relating to Plaintiff. Ms. Puerta confirms that she is not Medicare eligible.

## 13. Remedies for Breach.

In the event that a court of competent jurisdiction determines that any of the Parties breach, violate, fail or refuse to comply with any of the provisions, terms or conditions or any warranties, covenants, or representations of this Agreement (the "Breach"), the non-breaching party or parties are entitled to recover damages against the breaching party or parties, including interest, costs, expenses and reasonable attorneys' fees, including any appeal and collection proceeding, accruing to the non-breaching party or parties as a consequence of the Breach. Provided, however, that prior to commencing any court proceeding arising from any alleged breach, five-days' written notice shall be given to the alleged breaching parties' attorney.

## 14. Counterparts.

This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

## 15. Execution.

The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendants. The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by Plaintiff's counsel, Marc Rapaport, Esq. Plaintiff fully understands that this Agreement releases, settles, bars and waives any and all claims that Plaintiff possibly could have against Defendants and is fully satisfied with the advice and counsel provided by Marc Rapaport, Esq.

MS. PUERTA HAS BEEN ADVISED IN WRITING THAT SHE HAD A REASONABLE TIME TO CONSIDER THIS AGREEMENT AND CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT AND THAT SHE HAS DONE SO AND THAT SHE IS SATISFIED WITH THE ADVICE AND REPRESENTATION OF HIS ATTORNEY, MARC RAPAPORT, ESQ.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, MS. PUERTA FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HER ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS UNDER THE FAIR LABOR STANDARDS ACT AND NEW YORK LABOR LAW THAT SHE HAS OR MIGHT HAVE AGAINST DEFENDANTS.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: February 27, 2017

By: _____
Angela Maria Puerta

Dated: ~~February~~ MARCH 03, 2017

By: _____
Darren Davy

Dated: ~~February~~ MARCH 03, 2017

By: _____
Asmaa Davy